## 130 Greene TIC LLC v Brown

2024 NY Slip Op 32845(U)

August 13, 2024

Supreme Court, New York County

Docket Number: Index No. 650889

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

PART 38M

--------------------------------------------------------------------------------X

130 GREENE TIC LLC,

Plaintiff,

- v -

TIFFANY C. BROWN,

Defendant.

--------------------------------------------------------------------------------X

INDEX NO. 650889/2023

MOTION DATE 07/13/2023, 07/18/2023

MOTION SEQ. NO. 001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, and 30

were read on this motion by plaintiff for _____SUMMARY JUDGMENT_____ .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 19, 20, 22, 23, 24, 25, 26, 27, 28, and 29

were read on this motion by defendant for _____SUMMARY JUDGMENT_____ .

LOUIS L. NOCK, J.

Plaintiff commercial landlord moves (seq. no. 001) for summary judgment against the

defendant, who is the alleged guarantor of a commercial lease between plaintiff and defendant's

company, Tiffany Brown Designs, LLC (the "Company").[1] Defendant *pro se* moves, separately

(seq. no. 002), to dismiss the complaint, essentially, in the nature of post-answer summary

judgment. Per the following memorandum, the motions are denied.

Plaintiff owns a condominium unit known as Unit 1 in a building known as and located at

130 Greene Street in Manhattan (the "Premise"). By lease dated July 29, 2022, plaintiff and the

Company entered into a ten-year commercial lease ("Lease") for the Premises, for the

---

[1] Plaintiff and another limited liability company – 130 Greene Street Partners LLC – co-own the leased premises that are the subject of this action and are the co-lessors of said premises (*see*, NYSCEF Doc. No. 6). 130 Greene Street Partners LLC assigned its right to sue under the lease to the plaintiff (*see*, NYSCEF Doc. No. 11).

**650889/2023   130 GREENE TIC LLC vs. BROWN, TIFFANY C**
**Motion No.  001 002**

**Page 1 of 5**

1 of 5

Company's use as a retail store to sell apparel (NYSCEF Doc. No. 6). Defendant allegedly signed an absolute and unconditional guaranty of the Company's obligations under the Lease, including the Company's payment obligations (NYSCEF Doc. No. 7).

The Lease requires a monthly rental payment of $37,500 for year-one, and increasing incrementally through year-ten, as well as a security deposit of $450,000, which defendant admits have never been paid (*see*, NYSCEF Doc. No. 2 ¶ 7). Plaintiff served the Company with a thirty-day notice to cure (NYSCEF Doc. No. 8) and, thereafter, terminated the Lease (NYSCEF Doc. No. 9). Now, supposedly consistent with the rent acceleration clause in the Lease (§ 19.3), it is alleged that the defendant owes plaintiff a total of $701,646.53, which neither the Company nor defendant have paid any portion of.

In opposition to the plaintiff's motion for summary judgment and in support of her motion for summary judgment, defendant asserts that she "changed her mind about the property" (NYSCEF Doc. No. 2 ¶ 3) and, therefore, "never took possession of the property" (*id.*, ¶ 4; *see also, id.*, ¶ 5). Defendant also asserts that "[t]he agreement was never fully executed" (NYSCEF Doc. No. 2 ¶ 7). However, said assertion is impaired somewhat by documentary evidence which seems to indicate that both the Lease and the guaranty were fully executed (*see*, NYSCEF Doc. Nos. 6 [Lease] at A-1 [in counterparts], 7 [Guaranty] at last page [as acknowledged]). Defendant asserts that the plaintiff "forged" her signature (NYSCEF Doc. No. 20 ¶ 7); but that assertion seems to be belied by a notarial acknowledgment of her signature on the Guaranty, on May 5, 2022 (NYSCEF Doc. No. 7 at last page). But notably, said acknowledgment is puzzling in light of the fact that the Lease obligations that were purportedly being guaranteed post-date the supposed Guaranty by more than two months – July 29, 2022 (*see*, NYSCEF Doc. No. 6 at 1).

**650889/2023  130 GREENE TIC LLC vs. BROWN, TIFFANY C**
**Motion No.  001 002**

**Page 2 of 5**

2 of 5

And, indeed, the guaranty provisions found in the Lease itself remain unsigned by the defendant (*see*, NYSCEF Doc. No. 6 at NYSCEF pp. 64 of 68 through 67 of 68).

In the meantime, plaintiff concedes that subsequent to its termination of Lease on September 16, 2022, it succeeded in licensing the Premises to a non-party licensee known as Esprit US Retail Inc. for an annual base rent of $360,000 (*see*, NYSCEF Doc. Nos. 1 ¶ 26, 10). Plaintiff, thus, calculates its claim against the Company based on a Lease formula devised to calculate "the difference, between the aggregate of all Rent due to Landlord for the Lease's first ten-year term ($5,915,091.38) and the reasonable rental value for that period ($3,600,000.00)" (NYSCEF Doc. No. 1 ¶ 29). While the complaint seeks the sum of $2,315,091.38 from the defendant (*id.*, ¶ 37), plaintiff's instant motion seeks the lesser sum of $701,646.53 from the defendant (NYSCEF Doc. No. 4 ¶ 40). The current record is somewhat unclear regarding the differing calculations proffered by the plaintiff throughout.

Summary judgment is only appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of N.Y.,* 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted], *lv denied* 24 NY3d 917 [2015]). If

**650889/2023   130 GREENE TIC LLC vs. BROWN, TIFFANY C**
**Motion No.  001 002**

**Page 3 of 5**

3 of 5

there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

While it is true, as plaintiff points out, that the submissions of the defendant *pro se* are unsworn, that does not relieve plaintiff of its prima facie burden to demonstrate by sufficient evidentiary proof that no doubt exists as to the existence of a triable fact, and regardless of the sufficiency of the opposing papers. Here, too many irregularities are found in the record created by the plaintiff itself. The Lease (NYSCEF Doc. No. 6) contains a guaranty section (at NYSCEF pp. 64 of 68 through 67 of 68) that is unsigned by the defendant. Moreover, the intended signature block is partly redacted. As for the separate Guaranty document (NYSCEF Doc. No. 7), all that is presented is a photograph of a signed acknowledgment page; but that acknowledgment pre-dates the Lease by over two months, as observed above. And, as with the Lease signature block, the Guaranty signature block is partly redacted.

The present record's irregularities make it impossible for the court to grant summary judgment to either party at this time. Therefore, the motions are denied.

Accordingly, it is

ORDERED that the parties' motions for summary judgment are denied; and it is further

ORDERED that the parties are directed to appear for a preliminary conference via Microsoft Teams on August 28, 2024, at 2:15 PM, to be arranged by the court.[2] Prior to the conference, the parties shall meet and confer regarding discovery and will endeavor to submit a proposed preliminary conference order, in a form that substantially conforms to the court's form Commercial Division Preliminary Conference Order located at:

---

[2] Defendant *pro se*, who apparently resides out of state, has requested remote appearances (NYSCEF Doc. No. 31).

**650889/2023   130 GREENE TIC LLC vs. BROWN, TIFFANY C**
**Motion No.  001 002**

**Page 4 of 5**

[* 4]

https://ww2.nycourts.gov/courts/1jd/supctmanh/preliminary_conf_forms.shtml, to the Principal

Court Attorney of this Part (Part 38) at ssyaggy@nycourts.gov.

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 8/13/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650889/2023   130 GREENE TIC LLC vs. BROWN, TIFFANY C**
**Motion No.  001 002**

Page 5 of 5

5 of 5